UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN ISAIEV #A231-917-141 | CIVIL ACTION NO. 25-1698 SEC P |
| VERSUS | JUDGE EDWARDS |
| ELEAZAR GARCIA ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for Temporary Stay of Removal Pending Review of Habeas Petition ("Motion") (R. Doc. 3) filed by Habeas Petitioner Roman Isaeiv ("Petitioner").

After careful consideration of the Petitioner's submissions and the applicable law, the Motion is **DENIED**.

The limited record before the Court indicates that Petitioner, a citizen of Ukraine, entered the United States on October 5, 2022.[1] On or about March 19, 2024, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody.[2] Petitioner was granted a Temporary Protection Status ("TPS") on January 28, 2025—valid through October 19, 2026.[3] However, an Immigration Judge ordered Petitioner's removal from the United States on June 11, 2025.[4] It is unclear from Petitioner's submissions where he was arrested, which facility or state he was located in after his detention, or when he was transferred to Louisiana. But Petitioner is

---

[1] R. Doc. 1-1 at 3.
[2] R. Doc. 1 at 5.
[3] R. Doc. 1-2 at 1.
[4] *See* R. Doc. 1 at 5.

currently detained in ICE custody at Winn Correctional Center in Winnfield, Louisiana.[5]

Petitioner filed his habeas Petition and the instant Motion on November 5, 2025. Petitioner's habeas petition alleges that he should be released from custody because "ICE is not likely to remove me in the near future."[6] In his Motion, Petitioner seeks an order preventing his "imminent removal"[7] on the grounds that he "currently holds [a] valid Temporary Protected Status for Ukraine" that prohibits the Government from removing him to Ukraine.[8]

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[9] The decision of whether to grant or deny a TRO lies in the district court's discretion.[10] And courts should deny such motions more often than not.[11]

Here, Petitioner fails to satisfy the first element required for this Court to grant his Motion. In his habeas Petition, Petitioner alleges that his detention is

---

[5] *See id.* at 1.
[6] *Id.* at 6.
[7] R. Doc. 3 at 1.
[8] *See id.* at 2.
[9] *See Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).
[10] *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).
[11] *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *see also Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

unconstitutionally prolonged, and his removal is not likely.[12] However, Petitioner's Motion indicates that he is facing imminent removal to Ukraine.[13] The conflict in Petitioner's submissions precludes the Court from determining whether he is likely to succeed on the merits of either claim (unconstitutionally prolonged detention or unconstitutional removal).

For the foregoing reasons,

**IT IS ORDERED** that the Petitioner's Emergency Motion for Temporary Stay of Removal Pending Review of Habeas Petition (R. Doc. 3) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 6th day of November, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE

---

[12] *See* R. Doc. 1 at 6–7.
[13] *See* R. Doc. 3 at 1.