a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROMAN ISAIEV #A231-917-141, Petitioner | CIVIL DOCKET NO. 1:25-CV-01698 SEC P |
| VERSUS | JUDGE EDWARDS |
| ELEAZAR GARCIA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Roman Isaiev ("Isaiev"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Isaiev challenges the legality of his continued detention.

Because there is no significant likelihood of Isaiev's removal in the reasonably foreseeable future, the Petition and Amended Petition (ECF Nos. 1, 4) should be GRANTED.

## I.   Background

Isaiev is a native of Ukraine who was granted humanitarian parole into the United States on October 5, 2022. ECF No. 4-3 at 2; 20-1 at 1. He was granted Temporary Protected Status ("TPS") on January 28, 2025, through October 19, 2026. ECF No. 1-2 at 1.

On April 10, 2024, Isaiev's parole was revoked, and he was placed in removal proceedings. ECF No. 4-3 at 1-2.

1

Isaiev was ordered removed to Ukraine on June 11, 2025.[1]  His appeal was withdrawn on August 19, 2025, and the removal order became final.  *Id.*

On September 24, 2025, Enforcement and Removal Operations ("ERO") emailed the Embassy of Hungary for extradition.  ECF No. 20-1 at 2.  On October 30, 2025, ERO received a copy of Isaiev's travel document from the Consulate General of Ukraine.  *Id.*  On November 6, 2025, Poland denied the request for Isaiev to transit through Poland to Ukraine.  *Id.*  As of November 20, 2025, ERO was "seeking an alternative third country for transit and pursuing extradition to Poland."  *Id.*

On March 4, 2026, TPS was withdrawn.  ECF No. 20-2 at 1.

Isaiev has been detained since March 19, 2024.  ECF No. 4 at 4.

## II.   Law and Analysis

### A.   The Court has jurisdiction.

The Court has jurisdiction to consider Isaiev's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation*

---

[1] https://acis.eoir.justice.gov/en/caseInformation

*adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

B.    <u>There is no significant likelihood of Isaiev's removal in the reasonably foreseeable future.</u>

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Isaiev's removal order became final on August 19, 2025, and he has been detained since March 19, 2024, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Isaiev asserts that his removal is not significantly likely to occur in the reasonably foreseeable future because he has TPS. ECF No. 4. However, TPS was withdrawn on March 4, 2026, months after his Petition was filed. ECF No. 20-2 at 1. Isaiev also asserts that his removal is not significantly likely to occur because there is active war in Ukraine; Poland affirmatively denied transit; and none of the other countries around Ukraine will allow transit due to his active Interpol warrant. ECF No. 24 at 1-4.

The burden shifts to the Government to provide evidence of a significant likelihood that Isaiev will be deported in the reasonably foreseeable future. The Declaration of Assistant Field Office Director Quincy R. Hodges, dated January 6, 2026, provides that "[a]s of November 20, 2025, ERO is seeking an alternative third country for transit and pursing extradition to Poland." ECF No. 20-1 at 2. But no update has been provided since November 20, 2025, and there is no evidence that extradition proceedings have begun or that any third country has been identified or contacted for removal. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28,

2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention for over 24 months while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, there is a good reason to believe there is no significant likelihood of Isaiev's removal in the foreseeable future.

## III.    Conclusion

Because there is no significant likelihood of Isaiev's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition and Amended Petition (ECF Nos. 1, 4) be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 8, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6